1   PATRICK H. HICKS, ESQ., Bar # 004632
    SANDRA KETNER, ESQ., Bar # 8527
2   LITTLER MENDELSON, P.C.
    3960 Howard Hughes Parkway
3   Suite 300
    Las Vegas, NV  89169-5937
4   Telephone:    702.862.8800
    Fax No.:       702.862.8811
5   Email: phicks@littler.com
    Email: sketner@littler.com
6
    Attorneys for Defendant
7   THE MIRAGE CASINO-HOTEL, LLC

8                   UNITED STATES DISTRICT COURT

9                       DISTRICT OF NEVADA

10

11   NICOLE HOULE,

12           Plaintiff,                   Case No. 2:17-cv-00258-GMN-GWF

13   vs.                                  **DEFENDANT THE MIRAGE CASINO-HOTEL, LLC'S MOTION TO DISMISS**
14   THE MIRAGE CASINO-HOTEL LLC;         **PLAINTIFF'S FIRST AMENDED**
     BAR TENDER'S UNION 165,              **COMPLAINT**
15
             Defendants.
16

17          Defendant, The Mirage Casino-Hotel, LLC (hereinafter referred to as "The Mirage"), hereby

18   moves to dismiss all claims asserted against it in Plaintiff's First Amended Complaint pursuant to

19   Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's claims are barred by the availability of

20   an adequate statutory remedy.  Moreover, Plaintiff failed to exhaust her administrative remedies with

21   respect to her claims alleging a hostile work environment and retaliation thereby subjecting the

22   claims to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).  This Motion is made and

23   based upon the following Memorandum of Points and Authorities, all pleadings and papers on file

24   herein, as well as any oral argument permitted by the Court.

25                   **MEMORANDUM OF POINTS AND AUTHORITIES**

26   I.      **BACKGROUND INFORMATION**

27          On February 6, 2017, Plaintiff filed a First Amended Complaint ("FAC") against The Mirage

28   and Bartenders Union Local 165 (hereinafter referred to as "the Union") alleging the following

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

causes of action: (1) sexual harassment/hostile work environment (against The Mirage); (2) retaliation (against The Mirage); (3) intentional infliction of emotional distress (against all defendants); (4) negligent supervision, training, and retention (against all defendants); and 5) breach of duty of representation (against the Union).[1]   In her FAC, Plaintiff alleges that during her employment with The Mirage, she was subjected to and witnessed sexually inappropriate conduct directed towards and engaged in by her co-workers. (ECF No. 6 at ¶¶10-12).  Plaintiff contends that such conduct created a hostile work environment. (ECF No. 6 at ¶¶47-48).  Additionally, Plaintiff alleges that she reported the alleged conduct to The Mirage's Human Resources Department on multiple occasions which subsequently resulted in the suspension and eventual termination of four of her co-workers.  (ECF No. 6 at ¶¶17-19, ¶24, ¶30, ¶32).  Two of Plaintiff's co-workers (Lindsay Howard and Dariusz Nastal) who were terminated filed grievances which resulted in their reinstatement. (ECF No. 6 at ¶¶33-34).  Plaintiff alleges that she was subjected to retaliation by Howard and Nastal following their reinstatement. (ECF No. 6 at ¶¶42-43).

In her FAC, Plaintiff fails to identify any statutory basis for her hostile work environment and retaliation claims.  However, sexual harassment/hostile work environment and retaliation are unlawful employment practices prohibited by state and federal laws.  Specifically, Title VII of the Civil Rights Act of 1964 ("Title VII") and NRS 613.330-613.340 prohibit such employment actions. Nevertheless, Plaintiff failed to file a charge of discrimination to exhaust her administrative remedies as required by statute.  **Exhibit A (Declaration of Cindy Moehring in Support of Motion to Dismiss at ¶4).**[2]  As a result, Plaintiff's first cause of action alleging sexual harassment/hostile work environment and second cause of action alleging retaliation must be dismissed due to her failure to

---

[1] Plaintiff had previously filed a Complaint against The Mirage and the Union in the District Court for Clark County on November 2, 2016.  On January 30, 2017, the Union removed this matter to this Court. (ECF No. 1).  The Mirage subsequently joined in the Union's removal.  (ECF No. 10).

[2] The Ninth Circuit has held that material properly submitted with the complaint (i.e. exhibits under FRCP 10(c)) may be considered as part of the complaint for purposes of a Rule 12(b)(6) motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1990); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds) (a defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim).  Therefore, although a court's review of a Rule 12(b)(6) motion to dismiss is generally limited to the contents of the complaint, the court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting the motion into a motion for summary judgment. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  Plaintiff's FAC is absent of any assertion that she exhausted her administrative remedies as required by statute, which is separately confirmed by the Declaration of Cindy Moehring in Support of Motion to Dismiss.

LITTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

2.

1    exhaust her administrative remedies.

2         Furthermore, Plaintiff's third cause of action alleging intentional infliction of emotional

3    distress ("IIED") and fourth cause of action alleging negligent supervision, training and retention are

4    based solely upon the allegedly unlawful employment practices which serve the basis for Plaintiff's

5    first and second causes of action.  Specifically, Plaintiff's IIED claim is premised upon the alleged

6    hostile work environment created by Nastal and alleged retaliation towards Plaintiff by Howard and

7    Nastal.  (ECF No. 6 at ¶62).  Likewise, Plaintiff's negligent supervision, training and retention claim

8    is premised upon the creation of an allegedly hostile work environment by Nastal and/or Howard as

9    well as the alleged retaliation towards Plaintiff by Nastal and Howard.  (ECF No. 6 at ¶¶68-70).

10   Because Plaintiff's IIED and negligent supervision, training and retention claims are based upon the

11   same alleged unlawful employment practices which serve the basis for her first and second claims,

12   her IIED and negligent supervision, training and retention claims are barred by the availability of an

13   adequate statutory remedy.  Accordingly, Plaintiff's third and fourth causes of action should also be

14   dismissed against The Mirage.

15   **II.    LEGAL ARGUMENT**

16        **A.    Standard for Dismissal**

17             **1.    Rule 12(b)(1)**

18        Dismissal under Rule 12(b)(1) is appropriate where the Court lacks subject matter

19   jurisdiction.  A plaintiff must exhaust her administrative remedies for claims of harassment and

20   retaliation in order for a court to obtain subject matter jurisdiction over those claims.  *B.K.B. v. Maui*

21   *Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002).  Importantly, "a party invoking the federal

22   court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."

23   *Thompson v. McCombe,* 99 F.3d 352, 353 (9th Cir. 1996).  In this case, Plaintiff's FAC is devoid of

24   any factual assertion that she exhausted her administrative remedies with respect to her first and

25   second causes of action.  Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims

26   for sexual harassment/hostile work environment and retaliation thereby warranting dismissal of

27   those claims.

28   ///

LITTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

3.

### 2.     Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a party may move for dismissal for failure to state a claim for which relief may be granted.  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is obligated to provide the grounds of his entitlement to relief which requires more than labels and conclusions-- and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ."  *Id.* (citations omitted).

In *Ashcroft v. Iqbal*, the United States Supreme Court explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  The law is clear that "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 679 (citations omitted).

### B.     Plaintiff's Tort Claims Are Precluded by the Availability of An Adequate Statutory Remedy

In her FAC, Plaintiff asserts claims for hostile work environment, retaliation, IIED and negligent supervision, training and retention against The Mirage.  Plaintiff fails to identify a statutory basis to support her claims for hostile work environment and retaliation.  Therefore, it appears that Plaintiff is attempting to assert tort-like claims for a hostile work environment and retaliation.  Such claims are not cognizable and are precluded by the availability of an adequate and comprehensive statutory remedy.  Specifically, Title VII and Nevada law (NRS 613.330-613.340) prohibit the alleged employment practices which serve the basis for Plaintiff's first and second

LITTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

1   causes of action against The Mirage.  Accordingly, Plaintiff must proceed under either or both of

2   those statutes in order to state viable claims for a hostile work environment and retaliation.

3          As this court recognized in *Brinkman v. Harrah's Operating Co., Inc.*, "N.R.S. § 613.330 *et*

4   *seq*. provides the exclusive remedy for tort claims premised on illegal employment practices. The

5   Nevada Supreme Court as well as the District Court for the District of Nevada have held that tort

6   claims premised on discrimination in employment are remedied under the statute."  *Brinkman v.*

7   *Harrah's Operating Co., Inc.*, 2008 U.S. Dist. LEXIS 123992, at *5 (D. Nev. Oct. 16, 2008).

8          The Nevada Supreme Court has repeatedly rejected attempts to create tort remedies when an

9   available statutory remedy exists.  *See, Ozawa v. Vision Airlines, Inc.*, 125 Nev. 556, 216 P.3d 788

10  (2009) (refusing to recognize a common law claim when the plaintiff had an alternative remedy

11  available to him under the federal Railway Labor Act); *Chavez v. Sievers*, 118 Nev. 288 (2002)

12  (refusing to recognize a common law cause of action for employment discrimination when the

13  employer was not statutorily covered by NRS 613.330 and Title VII); *Shoen v. Americo, Inc.*, 111

14  Nev. 735, 744 (1995) (refusing to recognize a public policy tort based upon an employee's allegation

15  that he was wrongfully terminated for testifying because a comprehensive statutory remedy existed

16  in NRS 50.070); *Sands Regent v. Valgardson*, 105 Nev. 436, 439-40 (1989) (rejecting the plaintiff's

17  attempt to expand the public policy exceptions to the at-will doctrine in order to include age

18  discrimination because "the Legislature has addressed the gravity of violating Nevada's public

19  policy against age discrimination by defining the extent of the remedy available to parties injured by

20  such discrimination.").  When an adequate statutory remedy exists, the Nevada Supreme Court has

21  repeatedly and uniformly held that no additional court-created tort remedies under common law are

22  available because it would be unfair to the defendant.  *Ozawa*, 216 P.3d at 791 (citing *D'Angelo v.*

23  *Gardner*, 107 Nev. 704, 720 (1991)).  Therefore, Plaintiff's hostile work environment and retaliation

24  claims fail and should be dismissed due to the availability of an adequate statutory remedy in Title

25  VII and/or NRS Chapter 613.

26         Additionally, Plaintiff's IIED and negligent supervision, training and retention claims are

27  premised upon exactly the same alleged conduct which serves the basis for her hostile work

28  environment and retaliation claims.  (ECF No. 6 at ¶62, ¶¶68-70).  As noted above, NRS 613.330 et

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

seq. provides the exclusive remedy for tort claims premised upon illegal employment practices. *Brinkman*, 2008 U.S. Dist. LEXIS 123992, at *5 (dismissing claims for IIED and negligent supervision because NRS §613.330 provides the exclusive remedy for claims premised on illegal employment practices).   This Court has repeatedly held that when tort claims are premised upon the same alleged illegal employment practices, such allegations do not give rise to a separate common law tort claim.  *Schaefer v. Diamond Resorts Int'l Mktg.*, 2015 U.D. Dist. LEXIS 55511, at *17-18 (D. Nev. Apr. 28, 2015) (dismissing the plaintiff's IIED claim because it was based upon the same alleged illegal employment practices underlying her discrimination claims); *Jackson v. Universal Health Servs.*, 2014 U.S. Dist. LEXIS 129490 (D. Nev. Sept. 15, 2014) (dismissing the plaintiff's IIED and negligent training and supervision claims because they were based upon the same allegations of illegal racially discriminatory practices for which NRS 613.330 is the exclusive remedy).   The law does not allow multiple bites of the apple based upon identical conduct by simply renaming causes of action.   Therefore, Plaintiff's third and fourth causes of action fail as a matter of law and should be dismissed.

### C.      Plaintiff Failed To Exhaust Her Administrative Remedies

As explained above, a hostile work environment and retaliation are employment practices prohibited by Title VII and Nevada law (NRS 613.330-613.340).   Both federal and state laws require that "plaintiffs must… exhaust their administrative remedies before seeking judicial relief from discriminatory action." *Brown v. Puget Sound Elec. Apprenticeship & Training Trust*, 732 F.2d 726, 729 (9th Cir. 1984); 42 U.S.C. § 2000e-5(e); *Pope v. Motel 6*, 114 P.3d 277 (Nev. 2005) (requiring timely exhaustion of administrative remedies through Nevada Equal Rights Commission); NRS 613.405; NRS 613.420.   Because Plaintiff failed to exhaust her administrative remedies, her claims alleging unlawful employment practices (i.e., a hostile work environment and retaliation) against The Mirage are subject to dismissal.  **Exhibit A.**

The requirement to exhaust administrative remedies mandates that a plaintiff file a timely charge with the United States Equal Employment Opportunity Commission ("EEOC") or the Nevada Equal Rights Commission ("NERC"), thereby allowing the agency time to investigate the charge. *See* 42 U.S.C. § 2000e-5(a) (empowering the EEOC to prevent unlawful employment practices

LITTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

1   under Title VII); NRS 613.405 (empowering NERC to receive complaints of unlawful employment

2   practices); NRS 233.157; *B.K.B.*, 276 F.3d at 1099 ("The administrative charge requirement serves

3   the important purposes of giving the charged party notice of the claim and 'narrowing the issues for

4   prompt adjudication and decision.'") (quoting *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 472

5   (D.C. Cir. 1976)).    Further, each discrete incident of discriminatory or retaliatory treatment

6   constitutes its own unlawful employment practice for which administrative remedies must be

7   exhausted.  *See Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061 (2002).

8   The court does not have subject matter jurisdiction over matters that fall outside the scope of a

9   plaintiff's charge of discrimination.  *B.K.B.*, 276 F.3d at 1099; *see also, Sosa v. Hiraoka*, 920 F.2d

10   1451, 1456 (9th Cir. 1990).

11        Here, Plaintiff's FAC is completely devoid of any factual assertion that she filed a charge of

12   discrimination with either the EEOC and/or NERC.  Moreover, wholly absent from Plaintiff's FAC

13   is any factual assertion that she timely exhausted her administrative remedies with respect to her

14   unlawful employment practice claims against The Mirage.   Indeed, Plaintiff did <u>not</u> exhaust her

15   administrative remedies.   **Exhibit A.**   Because Plaintiff failed to exhaust her administrative

16   remedies, she is precluded from pursuing her hostile work environment and retaliation claims in

17   court. *Vinieratos v. United States*, 939 F.2d 762, 769 (9th Cir. 1991) (exhaustion of administrative

18   remedies is a statutory condition to suit under Title VII); *Dosier v. Miami Valley Broadcasting*

19   *Corp.,* 656 F.2d 1295 (9th Cir. 1981).  Accordingly, Plaintiff's first and second causes of action fail

20   for this additional reason and must be dismissed accordingly.

21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

LITTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

7.

1  **III.    CONCLUSION**

2      For the reasons set forth above, The Mirage requests that this Court grant its Motion to

3  Dismiss thereby dismissing all claims asserted by Plaintiff against The Mirage.

4  Dated:  February 14, 2017

5

6                                            /s/Sandra Ketner
                                             PATRICK H. HICKS, ESQ.
7                                            SANDRA KETNER, ESQ.
                                             LITTLER MENDELSON, P.C.
8
                                             Attorneys for Defendant
9                                            THE MIRAGE CASINO-HOTEL, LLC

10  Firmwide:145544445.1 060736.1122

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

8.