Kristofer D. Leavitt, Esq.
LEAVITT LEGAL GROUP, P.C.
Nevada Bar No 13173
8670 W. Cheyenne Avenue, Suite #120
Las Vegas, Nevada 89129
(702) 423-7208
kleavitt@leavittlegalgroup.com

*Attorney for Plaintiff Nicole Houle*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE HOULE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>THE MIRAGE CASINO-HOTEL LLC; BAR TENDER'S UNION 165;<br><br>　　　　　　Defendants. | Case No.: 2:17-cv-00258-GMN-GWF<br><br>**OPPOSITION TO DEFENDANT THE MIRAGE CASINO-HOTEL, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Plaintiff Nicole Houle ("Ms. Houle"), by and through her counsel of record at Leavitt Legal Group, P.C., hereby responds to *Defendant the Mirage Casino-Hotel, LLC's Motion to Dismiss Plaintiff's First Amended Complaint* (ECF No. 11) (the "Motion to Dismiss"). This Opposition is made and based upon the following Memorandum of Points and Authorities, the pleadings and papers on file with the Court, as well as any oral argument permitted by the Court at any hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   Plaintiff's Cause of Action for Intentional Infliction of Emotional Distress Should be Dismissed Without Prejudice**

At the outset, Plaintiff concedes that, at this time, she has not sufficiently plead a claim for Intentional Infliction of Emotional Distress that is independent from her employment discrimination and retaliation claims. With that said, the parties have not engaged in any form of discovery at this point in the litigation and, as a result, Plaintiff has not had a chance to gather additional information to support her claim. Given the nascent stage of this litigation, Plaintiff

requests that the court dismiss this cause of action without prejudice so that Plaintiff can reassert her claim in the future if necessary.

## II. Plaintiff's Claim for Negligent Supervision, Training, and Retention Should Not Be Dismissed or, at the Very Least, Plaintiff Should be Granted Leave to Amend

Plaintiff's claim for Negligent Supervision, Training, and Retention should not be dismissed because she has plead sufficient facts in the *First Amended Complaint* (ECF No. 6) (the "Complaint") to sustain a cause of action for Negligent Supervision, Training, and Retention independent from her discrimination claim. If the Court does not agree, Plaintiff should be allowed to amend her complaint to include additional facts to support her claim.

Dismissal of a claim is only appropriate where "it appears beyond a shadow of a doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1156 (9th Cir. 2000); *see also Aguayo v. U.S. Bank*, 653 F.3d 912, 917 (9th Cir. 2011) (explaining that "[a] complaint must not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief"). When examining a mot to dismiss "[a]ll allegations of material fact in [a plaintiff's] Complaint are taken as true and construed in the light most favorable to [plaintiff] as the non-moving party. *Aguayo*, 653 F.3d at 917.

Additionally, in the context of NRS 613.330, *et seq.*, or Title VII preemption, only tort claims that are "premised on discrimination in employment" should be preempted. *Brinkman v. Harrah's Operating Co., Inc.*, No. 2:08-cv-00817-RCJ-PAL, 2008 U.S. Dist. LEXIS 123992, at *5 (D. Nev. Oct. 16, 2008). This conclusion does not run afoul of *Sands Regent v. Valgardson*, which attempted to use public policy to turn intentional discrimination into a tort claim. *See Valgardson*, 105 Nev. 436, 439-40, 777 P.2d 898 (Nev. 1989) (stating that the Nevada legislature already defined the extent of the remedy available for "parties injured by such discrimination"). Similar conclusions were reached in *Western State Minerals Corp. v. Jones*, and *Powell v. Las Vegas Hilton Corp.*, when the courts concluded that the intentional discriminatory actions of the employers could not also create a state-law cause of action in tort. *See Western State Minerals Corp.*, 107 Nev. 704, 819 P.2d 206 (Nev. 1991); *Powell*, 841 F. Supp. 1024, 1031 (D. Nev.

1 1992).  As a final point, the *Brinkman* court acknowledged that it may be possible for an independent tort claim to exist even when discrimination is claimed.  *See Brinkman*, No. 2008 U.S. Dist. LEXIS 123992, at *7.

To succeed on a claim for Negligent Supervision, Training, and Retention, a plaintiff must demonstrate (1) a general duty of the employer to use reasonable care in the training, supervision, and retention of employees, (2) a breach of that duty, (3) injury on the part of the Plaintiff, and (4) causation.  *Graham v. City of N. Las Vegas*, No. 2:13-CV-01815-KJD-VCF, 2015 U.S. Dist. LEXIS 157904, at *26 (D. Nev. Nov. 20, 2015) (quoting *Hall v. SSF, Inc.*, 112 Nev. 1384, 930 P.2d 94 (Nev. 1996)).  In the context of an employment discrimination claim, there elements must be show to be independent from any intentional discrimination.

Here, Plaintiff has plead sufficient facts to support a cause of action for Negligent Supervision, Training, and Retention that is independent from her discrimination claim.  In the *First Amended Complaint* (ECF No. 6) (the "Complaint"), Plaintiff alleges that after Dariusz Nastal ("Nastal") and Lindsey Howard ("Howard") returned to work she was informed by the Mirage Hotel-Casino, LLC's (the "Mirage") Human Resources Department that Nastal and Howard were instructed to not retaliate against her.  Compl. ¶ 40.  After returning to work, however, Nastal and Howard began retaliating against Ms. Houle.  Compl. ¶¶ 41-43.  Plaintiff informed the Mirage of these actions, but the Mirage did nothing to remedy the complaints of Plaintiff.  Compl. ¶ 44.  Additionally, in *Plaintiff's Motion for Preliminary Injunction* (ECF No. 16) ("Plaintiff's Motion"), Plaintiff confirms that when she asked one of her supervisors why no disciplinary action had been taken against Howard, she was told that her supervisor was not made aware that Howard had returned to work on the condition that she not retaliate against Ms. Houle.  Pl.'s Mot. 7:20-22; Pl.'s Mot., Ex. 1 ¶ 50.

In these allegations Ms. Houle does not necessarily allege intentional discrimination on the part of the Mirage, but, instead, claims the Mirage was negligent in not informing supervisors of the conditions of Howard's return.  By agreeing to inform Ms. Houle's supervisors of the condition, the Mirage took upon itself an independent duty.  This duty was completely independent of any legal requirements prohibiting the Mirage from discriminating or retaliating

against Ms. Houle.  When the Mirage failed to live up to its duty, it damaged Ms. Houle.  In other words, while the actions of Nastal and Howard were intentionally discriminatory, the actions of the Mirage were merely negligent.  Thus, Ms. Houle is not attempting to transform an act of intentional discrimination into a repetitive tort claim, but is, instead, attempting to pursue a separate and independent claim for negligence distinct and separate from any intentional discrimination.

If the Court does not agree, Plaintiff should be granted leave to amend her complaint to include additional facts to support her claim for Negligent Supervision, Training, and Retention. "[I]n a line of cases stretching back nearly 50 years, [the Ninth Circuit has] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  This amendment policy is informed by Federal Rule of Civil Procedure 15(a), which provides that leave to amend should be freely granted "when justice so requires." *Id.* (quoting Fed. R. Civ. P. 15(a)).  Additionally, the Ninth Circuit has "repeatedly stressed that the court must remain guided by 'the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Id.* (quoting *Noll v. Carlson*, 809 F.2d 1446 (9th Cir. 1987).  Should the Court disagree that Plaintiff has not stated an independent claim for Negligent Supervision, Training, and Retention, Ms. Houle should be granted leave to amend her complaint and assert additional facts to support her claim.

**III.   The Court Should Retain Limited Jurisdiction Over Plaintiff's Title VII and Retaliation Claims Until It Has Ruled on Plaintiff's Motion to Preliminary Injunction**

Plaintiff concedes that she has not exhausted her administrative remedies by filing a charge of discrimination with either the Equal Employment Opportunity Commission ("EEOC") or the Nevada Equal Rights Commission ("NERC").  With that said, the Court should retain limited jurisdiction over Ms. Houle's Title VII and Retaliation Claims in order to rule on

Plaintiff's Motion.  Within the Ninth Circuit, a district court has the ability to grant an injunction in a Title VII case before the completion of the administrative process.  *Dev v. Donahoe*, No. CIV S-11-2950 JAM EFB PS, 2012 U.S. Dist. LEXIS 54731, at *8 (E.D. Cal. Apr. 17, 2012) (quoting *Duke v. Langdon*, 695 F.2d 1136, 1137 (9th Cir. 1983)).  This rule applies to private employees and employers.  *Ross v. Bd. of Trs. of Cal. State Univ.*, No. 2:16-cv-03778-ODW-JC, 2016 U.S. Dist. LEXIS 78101, at *6 (C.D. Cal. June 14, 2016) (citing *Porter v. Adams*, 639 F.2d 273, 278 (5th Cir. 1981)).  Here, Ms. Houle merely requests the Court maintain limited jurisdiction over her Title VII and Retaliation claims until it has made a determination of Plaintiff's Motion.

DATED this 28th day of February, 2017.

LEAVITT LEGAL GROUP, P.C.

By: \_\_\_\_/s/ Kristofer Leavitt_____
Kristofer D. Leaivtt, Esq. (13173)
8670 W. Cheyenne Avenue, Suite #120
Las Vegas, Nevada 89129

*Attorney for Plaintiff Nicole Houle*

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2017, I electronically filed the foregoing **OPPOSITION TO DEFENDANT THE MIRAGE CASINO-HOTEL, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** and any exhibits with the Clerk of the Court using the CM/ECF system.

　　　　　　　　　　　　　　　　　____/s/ Kristofer Leavitt_____
　　　　　　　　　　　　　　　　　Kristofer Leavitt