PATRICK H. HICKS, ESQ., Bar # 4632
SANDRA KETNER, ESQ., Bar # 8527
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone:	702.862.8800
Fax No.:	702.862.8811
Email: phicks@littler.com
Email: sketner@littler.com

Attorneys for Defendant
THE MIRAGE CASINO-HOTEL, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE HOULE,<br><br>    Plaintiff,<br><br>vs.<br><br>THE MIRAGE CASINO-HOTEL LLC;<br>BAR TENDER'S UNION 165,<br><br>    Defendants. | Case No. 2:17-cv-00258-GMN-GWF<br><br>**DEFENDANT THE MIRAGE CASINO-HOTEL, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

  Defendant, The Mirage Casino-Hotel, LLC (hereinafter referred to as "The Mirage"), hereby files its Reply in Support of its Motion to Dismiss seeking the dismissal of all claims asserted against it in Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). As an initial matter, Plaintiff concedes in her Opposition that she has failed to sufficiently plead a viable claim for intentional infliction of emotional distress thereby warranting the dismissal of that claim. Plaintiff further concedes that she has not exhausted her administrative remedies. Therefore, Plaintiff's claims for hostile work environment and retaliation should likewise be dismissed. Finally, Plaintiff has not and cannot cure the deficiencies in her claim for negligent supervision, training and retention as explained further below. As a result, The Mirage requests that this Court dismiss all claims asserted by Plaintiff against it.

///

///

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

This Reply is made and based upon the accompanying Memorandum of Points and Authorities, all pleadings and papers on file herein, as well as any oral argument that this Court may entertain.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In this case, Plaintiff complains of being subjected to a hostile work environment and retaliatory conduct during her employment at The Mirage. However, Plaintiff has admittedly failed to complete the necessary and basic requirement of exhausting her administrative remedies before seeking judicial relief. (ECF No. 18 at 4:24-26). Rather than following the mandatory process of exhausting her administrative remedies, Plaintiff wants this Court to make a special exception for her and create subject matter jurisdiction where it otherwise does not exist.

Additionally, Plaintiff amended her original complaint to add claims for intentional infliction of emotional distress (hereinafter "IIED") and negligent supervision, retention and training (hereinafter "negligent supervision"). After The Mirage was required to move for the dismissal of Plaintiff's IIED claim, Plaintiff now concedes that she has not stated a viable IIED claim. (ECF No. 18 at 1:24-26). Yet, Plaintiff requests that this Court make another special exception for her and dismiss her IIED claim without prejudice.

Finally, while Plaintiff opposes The Mirage's request for dismissal of her negligent supervision claim, she requests that if this Court is inclined to dismiss the claim, she be granted yet another opportunity to amend her already amended complaint. The Mirage objects to all of Plaintiff's requests for special treatment. As demonstrated in The Mirage's moving papers, Plaintiff has failed to state any viable claim against The Mirage. As a result, all of Plaintiff's claims should be dismissed with prejudice and without leave to further amend her FAC.

### II. LEGAL ARGUMENT

#### A. Plaintiff's IIED Claim Should Be Dismissed With Prejudice

In her Opposition, Plaintiff concedes that she has not stated an IIED claim that is independent from her employment discrimination and retaliation claim. (ECF No. 18 at 1:24-26). Yet, Plaintiff requests that this claim be dismissed without prejudice because she "has not had a chance to gather

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

2.

additional information to support her claim." (ECF No. 18 at 1:27-28). To establish a claim for intentional infliction of emotional distress, Plaintiff must establish that: (1) defendant's conduct was extreme and outrageous; (2) defendant's conduct was non-privileged; (3) defendant acted with the intention to cause Plaintiff emotional distress, or with reckless disregard for the probability for causing such distress; (4) Plaintiff actually suffered severe or extreme emotional distress; and (5) defendant's conduct actually or proximately caused the emotional distress. *Alam v. Reno Hilton Corp.*, 819 F.Supp. 905, 911 (D. Nev. 1993). It is somewhat baffling what type of discovery Plaintiff would need in order to determine if she has a viable claim or not. Moreover, if Plaintiff currently has no facts that would give rise to an IIED claim which is independent of her unlawful employment claim, her IIED claim should be dismissed with prejudice.

### B. Plaintiff's Negligent Supervision Claim Fails To State A Plausible Claim

In her Opposition, Plaintiff misstates the standard that she must satisfy in order to overcome The Mirage's Motion to Dismiss. Specifically, Plaintiff must state "a plausible claim for relief" with factual allegation that raise a right to relief above the speculative level in order to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff maintains that her negligent supervision claim is independent from her discrimination claim. In support of her argument, Plaintiff contends that her claim arises from The Mirage's alleged breach of a purported duty to inform supervisors of the conditions of her co-worker Lindsay Howard's return to work (i.e., that Ms. Howard was prohibited from retaliating against Plaintiff). While Plaintiff's argument is very creative, it is nevertheless the same statutory duty an employer, such as The Mirage, already has to prohibit unlawful retaliation.

Moreover, Plaintiff's argument fails because any alleged injury suffered by Plaintiff had to have been caused by retaliatory conduct by Ms. Howard (and/or Dariusz Nastal) if the duty cited by Plaintiff existed and was breached. While The Mirage denies that any such retaliatory conduct occurred, The Mirage presents this argument to demonstrate that Plaintiff's negligent supervision is based directly and solely upon her retaliation claim thereby warranting its dismissal. Because Plaintiff has numerous statutory remedies available, her negligent supervision claim should be

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

3.

1  dismissed with prejudice. *Brinkman v. Harrah's Operating Co., Inc.*, 2008 U.S. Dist. LEXIS 123992, at *6-7 (D. Nev. Oct. 16, 2008) ("where specific statutory remedies are available, no court remedy will be in addition to that provided by the statute").

Furthermore, Plaintiff should not be granted leave to amend because no set of facts can change the direct relation of Plaintiff's negligent supervision claim to her employment claims for which an adequate and available statutory remedy exists. FAC at ¶68-70. Any alleged failure by The Mirage to supervise, train or retain its employees necessarily relates back to The Mirage's statutory duty to prohibit harassment, discrimination and retaliation. Because Plaintiff can prove no set of facts that would give rise to an independent claim for negligent supervision, this Court should dismiss her claim with prejudice and without leave to amend.[1]

### C. This Court Lacks Subject Matter Over Plaintiff's Employment Claims

Both federal and state laws require that "plaintiffs must… exhaust their administrative remedies before seeking judicial relief from discriminatory action." *Brown v. Puget Sound Elec. Apprenticeship & Training Trust*, 732 F.2d 726, 729 (9th Cir. 1984); 42 U.S.C. § 2000e-5(e); *Pope v. Motel 6*, 114 P.3d 277 (Nev. 2005) (requiring timely exhaustion of administrative remedies through Nevada Equal Rights Commission); NRS 613.405; NRS 613.420. Here, Plaintiff concedes that she has not exhausted her administrative remedies with respect to her hostile work environment and retaliation claims. (ECF No. 18 at 4:24-26). As a result, these claims should be dismissed due to this Court's lack of subject matter jurisdiction. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002).

Despite conceding that she has failed to exhaust her administrative remedies, Plaintiff asks this Court to take extraordinary measures to "retain limited jurisdiction" over the matter in order to rule on Plaintiff's Motion for Preliminary Injunction. However, this Court does not have subject

---

[1] This Court has previously determined that "the 'interests of justice' do not require a court to allow amendment of pleadings to include claims which are fatally deficient for some reason." *Morgan v. Humboldt County School Dist.*, 623 F. Supp. 440, 441 (D. Nev. 1985). Futility alone can justify the denial of a motion for leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003). Leave to amend need not be granted if the proposed amended complaint would be subject to dismissal. *Ritzer v. Gerovicap Pharmaceutical Corp.*, 162 F.R.D. 642 (D. Nev. 1995) (citing *United Union of Roofers v. Insurance Corp. of America*, 919 F.2d 1398, 1402-03 (9th Cir. 1990); see also Johnson v. American Airlines, 834 F.2d 721, 724 (9th Cir. 1987) (stating that "courts have discretion to deny leave to amend a complaint for 'futility, and futility includes the inevitability of a claim's defeat on summary judgment'")).

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

4.

matter jurisdiction due to Plaintiff's failure to exhaust her administrative remedies. Plaintiff's reliance upon the proposition that a district court has the ability to grant an injunction in a Title VII case when the Plaintiff has failed to exhaust administrative remedies is misplaced. Plaintiff cites *Dev v. Donahoe*, 2012 U.S. Dist. LEXIS 54731 (E.D. Cal. Apr. 17, 2012) and *Ross v. Bd. of Trustees of Cal. State Univ.*, 2016 U.S. Dist. LEXIS 78101 (C.D. Cal. June 14, 2016) for support. However, both cases are distinguishable from the instant facts. It appears from the decision in *Dev* that the plaintiff had initially exhausted his administrative remedies with respect to his original claims but sought injunctive relief as to a new, unexhausted dispute. Moreover, the plaintiff in *Ross* had at least filed a complaint with the EEOC but had yet to receive a right to sue letter (which there is no indication that Plaintiff has even taken this step). Nevertheless, it is important to note that injunctive relief was denied in both cases.

Both *Dev* and *Ross* rely upon the case of *Duke v. Langdon*, 695 F.2d 1136, 1137 (9th Cir. 1983). However, a plain reading of the *Duke* decision does not support the conclusion that a district court has jurisdiction to grant a preliminary injunction in a Title VII case before administrative remedies are exhausted. Even if this Court was inclined to credit the authority, such jurisdiction is only "in a limited class of cases" and then only "in order to maintain the status quo." Plaintiff is certainly not asking this Court to maintain the status quo in her Motion for Preliminary Injunction. Rather, Plaintiff is asking this Court to either order the terminations of Mr. Nastal and Ms. Howard or to completely ignore and circumvent The Mirage's collective bargaining agreements in order to transfer Mr. Nastal and Ms. Howard to different positions potentially displacing other bargaining unit employees.

The Mirage will fully address and respond to Plaintiff's Motion for Preliminary Injunction in a separate pleading. However, The Mirage notes that Plaintiff has not met the requirements for a preliminary injunction. First, Plaintiff cannot possibly succeed on the merits of her hostile work environment or retaliation claims since she failed to exhaust her administrative remedies. Moreover, Plaintiff has not identified any retaliatory conduct that will likely cause her irreparable harm. "To meet the irreparable harm requirement, plaintiff must do more than simply allege harm; he must demonstrate it." *Dev*, 2012 U.S. Dist. LEXIS 54731 at *10 (citation omitted). "Mere '[s]peculative

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

1  injury does not constitute irreparable injury to warrant granting a preliminary injunction.'" *Id.*
2  Plaintiff's assertion that she "believes" Mr. Nastal and Ms. Howard have conspired together to
3  isolate her is not enough. (ECF No. 16 at 7:10-11; ECF No. 16-1 at ¶45). Likewise, Plaintiff's
4  representation that she "fears" that the actions of Mr. Nastal and Ms. Howard will result in her
5  termination falls far short of her burden to obtain injunctive relief. (ECF No. 16-1 at ¶47). In short,
6  Plaintiff's Motion for Preliminary Injunction is devoid of any evidence that she is currently
7  subjected to ongoing harassment or retaliation.

8  Even in the event that Plaintiff experiences an adverse employment action, as noted by the
9  *Dev* court, Plaintiff has an adequate remedy at law which could include an award of backpay in such
10 an event. *Dev*, 2012 U.S. Dist. LEXIS 54731 at *10. Because Plaintiff has not and cannot produce
11 sufficient evidence to warrant injunctive relief, Plaintiff's pending Motion for Preliminary Injunction
12 is not a basis for this Court to retain jurisdiction over this matter. Rather, The Mirage requests that
13 this Court *sua sponte* deny Plaintiff's Motion for Preliminary Injunction without awaiting The
14 Mirage's opposition.

### III. CONCLUSION

16 For the reasons set forth above, The Mirage requests that this Court grant its Motion to
17 Dismiss Plaintiff's First Amended Complaint thereby dismissing all claims asserted by Plaintiff
18 against The Mirage. The Mirage further requests that Plaintiff not be granted leave to further amend
19 her claims.

20 Dated: March 7, 2017

/s/Sandra Ketner
PATRICK H. HICKS, ESQ.
SANDRA KETNER, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
THE MIRAGE CASINO-HOTEL, LLC

Firmwide:146132343.1 060736.1122

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

6.