McCRACKEN, STEMERMAN & HOLSBERRY, LLP
KRISTIN L. MARTIN, Nevada State Bar No. 7807
595 Market Street, Suite 800
San Francisco, CA 94105
Phone: (415)-597-7200
Fax:     (415)-597-7201
Email: klm@msh.law

**Attorney for Defendant Bartenders Union Local 165**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE HOULE, | CASE NO. 2:17-cv-00258-GMN-GWF |
| Plaintiff, | |
| vs. | **BARTENDERS UNION LOCAL 165'S REPLY IN SUPPORT OF MOTION TO DISMISS** |
| THE MIRAGE CASINO-HOTEL, LLC; BARTENDER'S UNION 165; DOES 1 through 20, inclusive; and ROE CORPORATIONS 1 through 20, inclusive; | |
| Defendants. | |

Plaintiff Nicole Houle's opposition to the motion to dismiss warrants only a summary reply.

In support of the motion to dismiss, Local 165 explained why Houle's intentional infliction of emotional distress and negligent hiring, retention and supervision claims are preempted by federal labor law. Houle offers no defense of those claims. She does not mention them at all in her opposition. *Cf.* Local Rule 7-2(d) (failure to file points and authorities in response to a motion constitutes consent to the motion being granted).

Houle concedes that a duty of fair representation claim requires her to prove that Local 165 breached the collective-bargaining agreement but says that "such detailed factual allegations are not necessary." Plaintiff's Opposition, at 3. Plaintiff cites no authority, and this Court has decided otherwise. *Chinchilla v. Culinary Workers Union Local 226*, Case No. 13-cv-01501-GMN-NJK (D.

1

Nev. Jan. 24, 2014), at 9 (attached as Exhibit A to Martin Declaration). What is missing from the First Amended Complaint is a baseline requirement. Houle has not alleged that her employer (the Mirage Casino) violated her rights under the collective-bargaining agreement. In fact, she stipulated to dismiss her discrimination claim against the Mirage. ECF Doc. No. 27.

Next, Houle says that if she has not stated a claim for breach of the duty of fair representation, she can do so by amending the complaint. Houle did not submit a draft second amended complaint. *Cf.* Local Rule 15-1(a) ("Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading.").

Finally, Houle says she will allege claims against Local 165 for violating Title VII of the 1964 Civil Rights Act. Such a claim is not ripe. Plaintiff cannot allege that she has exhausted administrative remedies. *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 637 (9th Cir. 2002); *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001).

For all of the foregoing reasons, the motion to dismiss should be granted.

Dated: April 10, 2017

Respectfully submitted,

McCRACKEN, STEMERMAN & HOLSBERRY, LLP

By: /s/ *Kristin L. Martin*
Kristin L. Martin

**Attorney for Defendant Bartenders Union, Local 165**

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2017, I electronically filed the foregoing **BARTENDERS UNION LOCAL 165'S REPLY IN SUPPORT OF MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system.

*/s/Joyce Archain*
Joyce Archain